**In re Burma Jean MARTIN.**

**Bankruptcy No. 95–42745 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

July 18, 1996.

---

---

Keith Grayson, N. Little Rock, AR, for Debtor.

James F. Dowden, Little Rock, AR, for Trustee.

Richard Cox, Trustee, Hot Springs, AR.

### ORDER DENYING MOTION FOR STAY OF PROCEEDINGS

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the debtor's Motion for Stay of Proceedings Pending Appeal, filed on July 11, 1996. Although represented by counsel, after failing in her attempt to dismiss this Chapter 7 case,[1] the debtor filed a *pro se* motion to convert the case to Chapter 13 of the Bankruptcy Code. The trustee and a creditor objected to the motion to convert asserting that extreme circumstances exist in this case which preclude conversion, and that the debtor is ineligible to be a debtor under Chapter 13 because the motion to convert was filed in bad faith. The Objectors further asserted that the debtor does not have regular income and is unable to submit a feasible plan.

Trial on the Motion to Convert was held on June 28, 1996, at the conclusion of which the Court made oral findings of fact and conclusions of law, denying the debtor's motion. The debtor timely filed a Notice of Appeal and has asked this Court to stay all proceedings pending appeal of the Order denying the Motion to Convert, entered on July 3, 1996.

The bankruptcy court has discretion to grant a stay on such terms as are just, pursuant to Rule 8005, Federal Rules of Bankruptcy Procedure. However, the moving party must demonstrate:

(1) she is likely to prevail on the merits of the appeal;

(2) she will suffer irreparable injury if the stay is denied;

(3) the other party will not be substantially harmed by the stay; and

(4) the public interest will be served by the granting of the stay.

*Community Federal Savings and Loan Assoc. v. Stratford Hotel Company (In re Stratford Hotel Company)*, 120 B.R. 515, 516–17 (E.D.Mo.1990) (affirming bankruptcy court's determination that stay pending appeal of order lifting stay was not merited). The factual determinations of the bankruptcy court will be upheld unless they are clearly erroneous. *In re Apex Oil Company*, 884 F.2d 343 (8th Cir.1989).

In the instant case, the debtor has failed to adequately assert grounds for a stay of the proceeding. Indeed, the only grounds raised are that the adversary proceedings against her will be moot and that the property of the estate would vest in her if this court

---

**1.** The Court denied the motion to dismiss on March 18, 1996. Although Martin appealed that Order, she never prosecuted the appeal and later dismissed it.

is reversed by the district court. While these may address the third prong of the test, the remainder of the elements are neither addressed nor met. The failure to even address these elements for the relief requested is sufficient reason to deny the motion for stay.

Even were the issues addressed, no grounds exist for a stay of the proceeding because the opposing party will be prejudiced by the stay, and the public interest mandates that this case proceed under Chapter 7 of the Bankruptcy Code without delay. The most compelling reason for denying the stay, however, is that there is no probability of success on the merits. At the trial on the merits, held on June 28, 1996, the Court made extensive findings of fact, many of which were based upon the credibility of the debtor as well as upon the many admissions of the debtor evidencing bad faith. In light of the intensely factual nature of the findings, the admitted fraudulent and/or criminal acts of the debtor, and the attendant burden to be met by the debtor on appeal, there is little probability of success on the merits of the appeal of the motion to covert.

While the debtor asserted that she has an absolute right to convert to Chapter 13 under section 706(a), this is true only if she is otherwise eligible for Chapter 13. 11 U.S.C. § 706(d); *Bobroff v. Continental Bank (In re Bobroff)*, 766 F.2d 797, 803 (3d Cir.1985). Accordingly, Martin must meet all eligibility requirements for filing a Chapter 13 case, including the requirement of good faith. The Eighth Circuit has set forth guidance on the issue of good faith in the Chapter 13 setting. In *Handeen v. LeMaire (In re LeMaire)*, 898 F.2d 1346 (8th Cir.1990) (en banc), the Eighth Circuit sets forth several factors, modified from the factors initially stated in *In re Estus*, 695 F.2d 311, 316 (8th Cir. 1982).[2] *LeMaire* advised that good faith depends upon,

> [W]hether the debtor has stated his debts and expenses accurately; whether he has made any fraudulent misrepresentation to mislead the bankruptcy court; or whether

he has unfairly manipulated the Bankruptcy Code.

*LeMaire* at 1349. The Eighth Circuit reaffirmed the "totality of the circumstances" test and set forth the "particularly relevant" factors to be applied in light of the purposes of Chapter 13:

> The type of debt sought to be discharged and whether the debt is nondischargeable in Chapter 7, and the debtor's motivation and sincerity in seeking Chapter 13 relief.

*Id.* at 1349. At the conclusion of trial, the Court found that the debtor has not only inaccurately stated her debts and expenses and attempted to mislead the court, but has unfairly manipulated the Bankruptcy Code. Thus, applying any of the three alternate standards, the first prong of the test set forth in *LeMaire* is met.

Additional factors indicate that the motion to convert to Chapter 13 is filed in bad faith such that the debtor is ineligible for relief under Chapter 13 of the Bankruptcy Code. The schedules in this case are not merely inaccurate, they are false. The debtor not only failed to list any income at all, including child support income she receives, but failed to coherently explain how she manages to subsist. There was evidence of checks and monies she received and endorsed, but merely claims it is "not mine." Although she has or had bank accounts, they are not listed on the schedules. She also fails to list her debts with any measure of accuracy. She claims that all of the property currently and formerly titled in her name belongs to her parents, but discloses little of that information on the schedules. She not only fails to list property titled in her name, she fails to list transfers of property to her parents.

Another important mark of bad faith is the debtor's manipulation of the schedules to conform to the relief sought. For purposes of Chapter 7 the debtor has no income. For purposes of Chapter 13, the debtor has commission income derived from a funeral home. These mutations not only indicate the falsity of the schedules, ground for denial of the

---

**2.** The *Estus* factors were subsumed by the addition of section 1325(b) of the Bankruptcy Code in

1984. *LeMaire*, 898 F.2d at 1349.

discharge, but are direct evidence of an attempt to unfairly manipulate the Bankruptcy Code. A debtor may not alter her financial information for purposes of obtaining particular relief. She has an affirmative duty to list all income, all expenses, and open all financial transactions to the trustee, Court, and creditors. The blatant and fraudulent manipulation of information on the schedules to obtain a particular result is an unfair and insidious abuse of the bankruptcy process.

*LeMaire* stated other factors to be analyzed by the Court in determining the good faith of a debtor, including the type of debt to be and the debtor's motivation and sincerity in seeking Chapter 13 relief. *LeMaire,* 898 F.2d at 1349. These factors should be examined in light of the purposes of Chapter 13. *Id.* at 1353. The Court file in this case, the testimony and demeanor of the debtor, and the documentary evidence submitted indicates that the debtor's motivations in seeking Chapter 13 are improper. The debtor's express reason for filing this Chapter 7 petition in bankruptcy was to remove pending Texas state court litigation to the Bankruptcy Court.[3] This is not a good faith reason for filing any bankruptcy, much less a Chapter 13 case. *Compare Noreen v. Slattengren,* 974 F.2d 75 (8th Cir.1992) (plan filed in bad faith where filed to avoid having civil sexual abuse case go to trial); *In re Anderson,* No. 92–10345, 1992 WL 170682, 1992 U.S.Dist. Lexis 10339 (D.Mass. July 1, 1992) (case properly dismissed where sole purpose was to avoid complying with orders of state court). Had the debtor been sincere in her effort to repay debts under a Chapter 13 plan, she would have honestly provided all required information on her schedules. Further, if the debtor's intentions had been honest, she would have filed a Chapter 13 in the first instance. There is no evidence that the debtor's actual circumstances changed in any manner from the date the petition was filed to present. Like her previous Chapter 13 case filed in Texas, admittedly filed solely for purposes of delay, the evidence before the Court is that her motions are merely ploys to stall and confound other litigation and her

other creditors. Although she admits to this improper purpose for filing the bankruptcy case, the debtor continues to attempt to manipulate not only the state court litigation, but also this Court. It was not until after the Chapter 7 was filed that the debtor realized that not only were her maneuvers unsuccessful, her finances would be examined and her assets administered by a trustee. The debtor then attempted to shed the Chapter 7 altogether, moving to dismiss her case when her finances were being examined. When she could not dismiss her case, in a further attempt to regain control of her assets and remove her finances from view, she moved to convert to Chapter 13. These maneuvers, improper and vexatious, so clearly evidence bad faith that there is little probability of success of her appeal.

The debtor cannot maintain a Chapter 13 case in good faith as demonstrated by her complete inability to act in conformity with the law, title 18 as well as the Bankruptcy Code. Indeed, the debtor is not only unable to control her finances on a straightforward basis, she is unable to control herself. Few cases in the history of bankruptcy cry so loudly for administration by a trustee. She continually filed documents *pro se* despite the fact that she was represented by counsel and had been directed by the Court to discontinue the practice of filing improper pleadings. She created documents for signature by her previous counsel, continually ignored Court directives, and changed her schedules to suit her purposes. She admitted to submitting false financial statements to financial institutions, alone and in a conspiracy with others. Although she has failed to file tax returns for a number of years, she created, but did not file, a false or "dumied" tax return to submit to a financial institution in order to fraudulently obtain a loan. She has filed false applications for welfare in three different states. She has improperly paid unsecured creditors during the pendency of this case. Amazingly, during trial the debtor was not even able to give direct or consistent answers when asked where she

---

**3.** The attempted removal of those non-core, Texas law matters, was unsuccessful. The matters

were remanded.

has lived and where she received mail. In light of her inability to maintain herself within any margin of the law, permitting this debtor to conduct a Chapter 13 as a debtor-in-possession would be an abuse of this Court's obligations under the Bankruptcy Code.

The debtor is also not eligible for bankruptcy relief because she has failed to demonstrate that she has regular income. Purportedly, the debtor has had no income since 1987, nearly a ten-year period of time. Although this assertion is clearly false, the debtor has the burden of demonstrating eligibility, which requires some specificity as to her amount of income and expenses. The amounts on her various schedules as well as her testimony are so riddled with falsehoods that the Court cannot accept any of those figures. To the extent she has income, or the ability to obtain income, that evidence is also insufficient to support a finding of eligibility. Although she asserts she intends to become licensed, enrolling to take a real estate broker's examination does not create income for purposes of Chapter 13.[4]

Finally, this debtor is not eligible for Chapter 13 because she cannot propose a feasible plan. The debtor has not filed her federal income tax returns for many years such that she has no conception of what her tax liability may be. Although she claims she has no income and that all monies she receives belong to her parents, the evidence is uncontroverted that monies in fact flow through her hands. In contrast to the debtor's assertions, her parents have not filed income tax returns because they claim the monies flowing to the debtor belong to the debtor. This dispute as to who should claim the income apparently prevented all of them from filing their income tax returns. In light of this dispute, the debtor cannot determine her tax liability and thus, cannot determine what may be a very large debt. If she is unaware of the extent of the debt, she cannot propose a plan to pay those taxes which constitute a priority debt and must be paid through a Chapter 13 case.

The debtor asserts that she has the means and desire to pay her debts in her Chapter 13 plan. The debtor's demeanor and testimony at trial evidence the opposite. Neither her schedules nor her demeanor were consistent with truthfulness much less the relief Chapter 13 was meant to provide for honest debtors. Having filed the motion to convert in bad faith, she is not eligible for Chapter 13 relief. In light of these facts, there is little probability of success on the merits of this appeal such that the motion for stay pending the appeal must be denied.

The Court also finds that the public interest and the interest of the trustee require that this Chapter 7 case proceed without delay. In light of the debtor's previous actions, it is imperative that her finances be investigated and her assets remain under the control of a trustee. The numerous admissions of fraudulent activity compel maintenance and oversight by an independent trustee and that he proceed without interference or delay.

**ORDERED** that the debtor's Motion for Stay of Proceedings Pending Appeal, filed on July 11, 1996, is DENIED.

**IT IS SO ORDERED.**

---

4. The Court cannot conceive that this debtor would receive a real estate license.