**In re Burma Jean MARTIN.**

**Bankruptcy No. 95–42745 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Jan. 29, 1997.

---

Richard Cox, Trustee, Hot Springs, AR.

James F. Dowden, Little Rock, AR, for Trustee.

Keith Grayson, N. Little Rock, AR, for Debtor.

### ORDER

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Trustee's Objection to Amended Exemptions, filed on July 16, 1996. Trial of the matter was held on October 23, 1996, at which time the parties presented argument, but no testimony. Pursuant to the trustee's request, the Court takes into consideration the entire Court file in this case. The debtor filed her original schedules in this case on September 20, 1995. The schedules were amended on June 27, 1996, to afford more complete disclosure of her assets.

The trustee objects to many of the claimed exemptions on the grounds that the assets were not originally listed on the debtor's schedules.[1] Rule 1009(a), Federal Rules of Bankruptcy Procedure, permits the debtor to amend her schedules at any time before the case is closed. Courts will uphold an objection to exemptions based upon the debtor's bad faith or prejudice were the exemption allowed. *Matter of Yonikus*, 996 F.2d 866 (7th Cir.1993); *In re Sumerell*, 194 B.R. 818 (Bankr.E.D.Tenn.1996). Several standards have been applied to such a determination including a requirement of clear and convincing evidence, *see, e.g., Yonikus*, 996 F.2d at 872, a "strong showing of abuse," *In re Spoor–Weston, Inc.*, 139 B.R. 1009 (Bankr. N.D.Okla.1992), *aff'd*, 13 F.3d 407 (10th Cir. 1993), or a totality of the circumstances test

---

1. The previously unscheduled items include real property, a revolver, an automobile, cash, household items, and interests in lawsuits.

wherein both prepetition and postpetition conduct is examined, *In re Clemmer,* 184 B.R. 935 (Bankr.E.D.Tenn.1995). In any determination of a such an objection, the Court takes into consideration numerous facts and circumstances. In this case, however, the parties have presented no evidence. While the Court has reviewed the case file, and the debtor has testified in previous hearings, the documents and episodes in previous hearings are insufficient for the Court to make a determination of bad faith or prejudice with regard to the exemptions. Accordingly, the trustee's objection based upon the failure to list particular assets will be overruled.

■ The trustee objects to the debtor's claim of homestead in the Cedar Creek property inasmuch as it was not originally scheduled by the debtor and because it is not, in fact, her homestead. The evidence before the Court is that, at the time of the filing of the bankruptcy, and currently, the debtor resides at another address. There is no evidence before the Court that she intends to ever reside in the Cedar Creek property. Accordingly, the trustee's objection to the claim of homestead exemption will be sustained.

■ The trustee objects to the debtor's exemption of $1,000 cash located at Boatmen's Bank. The debtor asserts that she is entitled to this exemption under section 522(d)(5), the "catch-all" provision. Inasmuch as this Code provision only permits an $800 exemption, the trustee's objection will be sustained to the extent of $200.

■ The trustee objects to the claim of exemptions in household goods to the extent it exceeds $2,500. Section 522(d)(3) permits an exemption of $8,000, in the aggregate, of household items. The value of the items listed on the schedules is $7,000 such that the objection will be overruled.

■ The debtor claims exemptions in two lawsuits, one of which is not valued, under section 522(d)(5). Inasmuch as the debtor has already claimed the full amount of this statutory exemption, $800, the trustee's objection will be sustained.

Based upon the foregoing it is

**ORDERED** that the Trustee's Objection to Amended Exemptions, filed on July 16, 1996, is sustained in part and overruled in part:

1. The objection to the homestead exemption is sustained.

2. The objection to the $1,000 in the Boatmen's bank account is sustained in part and overruled in part. Only $800 may be claimed as exempt.

3. The objection to the claim of exemption in household goods is overruled.

4. The objection to the claim of exemption in a revolver is overruled.

5. The objection to the claim of exemption in the lawsuits *Martin v. Goodstein* and *Martin v. Sanford* is sustained.

6. The claim of exemption in the 1990 Subaru automobile is overruled.

**IT IS SO ORDERED.**