**Burma Jean MARTIN, Appellant,**

v.

**Richard COX, Trustee, et al., Appellee.**

**No. LR–C–97–309.**

United States District Court,
E.D. Arkansas,
Western Division.

June 18, 1997.

Keith L. Grayson, Grayson & Grayson, P.A., North Little Rock, AR, for appellant.

Burma Jean Martin, Jacksonville, AR, pro se.

James F. Dowden, Grobmyer, Ramsay & Ross, Little Rock, AR, for appellee.

## ORDER

STEPHEN M. REASONER, Chief Judge.

Appellant seeks review of the order of United States Bankruptcy Judge Mary Davies Scott, wherein Judge Scott disallowed one of appellant's exemptions. Judge Scott determined that the appellant was not entitled to claim as exempt her interest in a certain pre-petition lawsuit referred to by the parties as the "Goodstein litigation."

The appellant attempted to claim as exempt her interest in the Goodstein litigation by using the so-called "wild-card" exemption. 11 U.S.C. § 522(d)(5). That provision states that a debtor shall be entitled to "any property, not to exceed in value $800.00 plus up to $7,500.00 of any unused amount of the exemption provided under paragraph one of this subsection." The reference in § 522(d)(5) is to the homestead exemption contained in § 522(d)(1). Appellant attempted to exempt not only the $800 referenced in § 522(d)(5), but also $7,500.00 of her unused homestead exemption.

It is undisputed by the parties that the appellant does not have a homestead and, therefore, has not used any portion of her

exemption under § 522(d)(1).[1] Judge Scott determined that the debtor could not utilize the $7,500.00 exemption of "any property" under § 522(d)(5) because she had no homestead.

This Court must accept the Bankruptcy Judge's findings of fact unless clearly erroneous. *In re Exec Tech Partners*, 107 F.3d 677 (8th Cir.1997). Additionally, the Bankruptcy Court's conclusions of law are reviewed *de novo*. *In re Muncrief*, 900 F.2d 1220, 1224 (8th Cir.1990). Upon reviewing the record, this Court is persuaded by the sound reasoning employed by the Bankruptcy Judge. Absent clear authority from either the United States Supreme Court or the Eighth Circuit Court of Appeals, this Court is convinced that Judge Scott did not err in ruling that a debtor must first use part of her exemption under § 522(d)(1) before being eligible for the $7,500.00 exemption under § 522(d)(5). Therefore, the decision of United States Bankruptcy Judge Mary Davies Scott is hereby AFFIRMED.

**1.** Section 522(d)(1) provides a $15,000 exemption for real or personal property which is used by the debtor as his or her primary residence.