**In re Burma Jean MARTIN.**

**Bankruptcy No. 95–42745 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

July 23, 1997.

Richard Cox, Hot Springs, AR, trustee.

Stephen Niermann, Dallas, TX, for Defendant.

Keith Grayson, Little Rock, AR, for Plaintiff.

---

### ORDER RE WAIVER OF DISCHARGE

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the debtor's Waiver of Discharge filed on April 16, 1997. The history of this case is long, litigious and tortuous.[1] The debtor filed this case on September 20, 1995, seeking to have this Court conduct litigation that she had pending in the Texas state courts. When this Court remanded those causes of action to the Texas court and the trustee began the performance of his duties, marshaling and liquidating her assets, the debtor sought to convert this case to a case under Chapter 13 of the Bankruptcy Code. That maneuver being unsuccessful, the debtor objected to the trustee's settlement of certain of her state court lawsuits. In addition, the trustee and a creditor have objected to the debtor's discharge. In response, the debtor asserts that she wishes to waive her discharge. Indeed, in various hearings she has virtually admitted that she did not file this bankruptcy case to discharge her debts and receive a "fresh start," but rather, filed bankruptcy in an attempt to thwart persons against whom she is litigating.

■ The Bankruptcy Code provides that the court shall grant a discharge unless "the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter." 11 U.S.C. § 727(a)(10); see Fed. R. Bankr.Proc. 4004(c). Thus, under the Bankruptcy Code, the court is required to approve any waiver of discharge. Moreover, the waiver must be signed by the debtor after the filing of the case. There are no statutory standards for approval of the waiver or determination of approval.

■ A waiver, however, should present a "conscious and informed judgment by the debtor as to the consequences thereof," and should specifically denote the creditors covered by the waiver and describe any terms qualifying the waiver. In re Rul–Lan, 186 B.R. 938, 943 (Bankr.W.D.Mo.1995)(quoting In re Mapother, 53 B.R. 433, 435–36 (Bankr. W.D.Ky.1985)). In light of the importance of the discharge in bankruptcy and the legal effect of a waiver of discharge, the Court held a hearing to determine if the debtor made the waiver with the requisite conscious and informed judgment.

■ On direct examination by her attorney, the debtor testified that she had signed and filed a written waiver of discharge after the filing of her bankruptcy case, i.e., after the order for relief and that she had not yet received a discharge in the case. She testified that her attorney had discussed the legal effect of the waiver of discharge with her, had answered her questions, that she was under no duress to sign the waiver, and that she intended to waive discharge. Finally, she testified that she was already paying all of her legitimate debts and intended to pay all those debts found to be legitimate claims.

In response to questions from the Court, however, it was clear that the debtor does not fully comprehend the legal effect of the waiver of discharge. For example, when the Court advised the debtor that the waiver of discharge would not release the trustee from his duties and that the trustee would continue to liquidate her assets, including completing his settlement of her law suits, she was stunned. While the Court continued to explain this particular fact she was, for the first time in the history of these proceedings, silenced. In response to this information, the debtor queried that, if it was determined

1. See In re Martin, 208 B.R. 463 (Bankr.E.D.Ark. 1997), appeal filed, No. 97–6039 (8th Cir. BAP 1997) (approving trustee's motion to settle state court litigation); In re Martin, 1997 WL 160443 (Bankr.E.D.Ark. Mar. 27, 1997)(denying stay pending appeal of other issues); In re Martin, 1997 WL 160435 (Bankr.E.D.Ark. Feb. 26, 1997) (property of the estate issues); In re Martin, 205 B.R. 143 (Bankr.E.D.Ark.1997), aff'd, No. 97–290 (E.D. Ark. June 6, 1997) (Wright, J.) (Debtor's parent's motion for abandonment denied where debtor had legal and equitable interest in proper-

ty); In re Martin, 205 B.R. 145 (Bankr.E.D.Ark. 1997), aff'd, No. 97–309 (E.D. Ark. June 19, 1997) (Reasoner, C.J.)(No wild card exemption available to debtor who had no homestead. However, debtor could exempt assets listed in amended schedules); In re Martin, 199 B.R. 175 (Bankr.E.D.Ark.1996)(denying motion to dismiss chapter 7 case; denying motion to convert to Chapter 13; denying motion for stay pending appeal), aff'd, No. 96–686 (E.D.Ark. Dec. 12, 1996) (Wilson, J.), aff'd, No. 97–1189 (8th Cir. June 19, 1997).

that she owned particular real estate in Texas, whether the trustee could then dispose of the properties. Upon the Court's affirmative reply, the debtor again sat in shocked silence. It was clear to the Court from the colloquy that the debtor did not in fact understand the import of the waiver of discharge.

While the Court believes that the debtor intends to pay her "legitimate debts," the debtor also clearly has her own singular view of what constitutes valid claims. For example, the import of her testimony during cross-examination reveals that she does not intend to pay any debts that may be owing to creditors with whom she is litigating. It was further clear from her testimony and demeanor that, despite any waiver of discharge, she does not believe those to be "legitimate" debts, despite any waiver of discharge.

The debtor's demeanor and testimony indicate to the Court that she does not truly understand the import of the waiver of discharge. Rather, the debtor believes that by waiving discharge she can halt the actions of the trustee in the conduct of his duties in liquidating and distributing her assets. Since the primary creditors in this case are those persons against whom she is litigating, whose claims she apparently does not consider legitimate, she is merely using the provision of section 727(a)(10) in a further attempt to thwart those creditors. While the debtor's motives alone do not require disapproval of the waiver, the debtor's motives, together with her reaction to the Court's questions, her demeanor and testimony, evidence that she does not truly understand the import and legal effect of the waiver of discharge. Based upon these facts, the Court cannot find that the debtor has made a "conscious and informed judgment" as to the consequences of her waiver. Accordingly, it is

**ORDERED** that the Court will not approve the waiver of discharge signed by the debtor and filed on April 16, 1997. Trial on the complaints objecting to discharge will proceed, to be set by separate notice.

**IT IS SO ORDERED.**