**Ralph G. BARKE, Petitioner,**

v.

**Gerald A. BERGE, Respondent.**

No. 97–C–354.

United States District Court,
E.D. Wisconsin.

Oct. 8, 1997.

---

Ralph G. Barke, Fox Lake, WI, pro se.

Warren D. Weinstein, Wisconsin Dept. of Justice, Office of Atty. General, Madison, WI, for Respondent.

### DECISION AND ORDER

MYRON L. GORDON, District Judge.

On April 9, 1997, Ralph Barke submitted to the court a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, along with an application for leave for proceed in forma pauperis. He did not submit the $5.00 filing fee required by 28 U.S.C. § 1914(a). The clerk of court stamped the word "filed" on both the petition and the application to proceed in forma pauperis on that day. In a decision and order dated April 28, 1997, I noted that Mr. Barke had filed a certified copy of his prison trust account statement,

but that he had failed to answer an important question in his affidavit of indigence. I therefore directed him to file a "fully completed application to proceed in forma pauperis."

On May 15, 1997, Mr. Barke paid the $5.00 filing fee. In another decision and order, dated May 21, 1997, I found that Mr. Barke's claim for relief may constitute a colorable violation of his rights under the United States Constitution and directed the respondent to file an answer. The respondent timely filed his answer, along with a motion to dismiss. It is this motion to dismiss that is presently before the court.

On April 24, 1996, Congress enacted a one-year limitation on the filing of habeas corpus petitions. Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 ["AEDPA"]. The statute provides, in pertinent part, that the one-year period of limitation runs from "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Subsequent to Congress' enactment of this provision, however, the court of appeals for the seventh circuit held that because of reliance interests, no petition should be dismissed under the new one-year period of limitation before April 23, 1997. *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir.1996) (en banc), *rev'd on other grounds*, —— U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

The respondent argues that the court should dismiss Mr. Barke's petition as untimely because it was "filed" with the court after April 23, 1997 and more than a year after the state court's final review of the same issues. It is undisputed that on April 16, 1996, the Wisconsin supreme court denied Mr. Barke's petition for review of the Wisconsin court of appeals' denial of his motion for post-conviction relief. The respondent contends that because Mr. Barke did not pay the $5.00 filing fee in this court until May 16, 1997, the one-year period of limitation applies, precluding the petitioner's ability to maintain this action. The question, therefore, is whether Mr. Barke's submission of his petition and application for leave to proceed in forma pauperis on April 9, 1997, was a sufficient "filing." If so, the one-year peri-

od of limitation imposed by 28 U.S.C. § 2254 does not apply to him.

Rule 3(a), Rules Governing Section 2254 Cases, provides that a habeas corpus petition shall be accompanied by the filing fee "unless the petitioner applies for and is given leave to prosecute the petition in forma pauperis." Rule 3(b) states that the clerk of court shall "file" the petition and enter it on the docket *"[u]pon receipt of the petition and the filing fee or of an order granting leave to the petitioner to proceed in forma pauperis"* (emphasis added). Based on that rule, the respondent argues that Mr. Barke's petition was not properly filed until he paid his filing fee.

■ A plain reading of Rule 3 shows that despite the clerk of court's file-stamping of Mr. Barke's petition on April 9, 1997, the petition itself was not actually "filed" for purposes of the one-year period of limitation until Mr. Barke paid the filing fee on May 16, 1997. *See Weaver v. Pung*, 925 F.2d 1097, 1099 (8th Cir.) (noting that "[Rule 3(b) ] does not direct the clerk to file the petition upon receipt of the petition and an application to proceed in forma pauperis" and that "the date on which the filing fee was paid was the earliest date on which [the petitioner's] petitions could have been filed"), *cert. denied*, 502 U.S. 828, 112 S.Ct. 99, 116 L.Ed.2d 70 (1991); *Norlander v. Plasky*, 964 F.Supp. 39 (D.Mass.1997) ("Rule 3(b) contemplates the occurrence of two things. First, the clerk must receive the petition. Second, the clerk must either receive the filing fee or an order granting leave to proceed in forma pauperis.").

■ If Mr. Barke had paid the $5.00 filing fee or if the court had granted him leave to proceed in forma pauperis by April 23, 1997, his petition would have been "filed" with the court by that day. However, because the clerk of court of this court mistakenly file-stamped Mr. Barke's petition on April 9, 1997, Mr. Barke had no notice that his petition was not properly filed. Furthermore, the record shows that the petitioner presented the same issue that he presents here-whether the government violated the terms of his plea agreement-to the Wisconsin supreme court. That court denied review of that issue on April 16, 1996. Therefore, if

Mr. Barke's petition had indeed been filed on April 9, 1996, he not only would have avoided the application of the one-year time limitation altogether, he would have submitted his petition within a year after the conclusion of state court direct review.

This is not a situation in which a petitioner waited years and years to file his federal habeas petition. Indeed, Mr. Barke, unlike many petitioners in this district, did not even wait to file his petition until April 23, 1997. He submitted his petition almost two weeks before the "deadline," which leads me to believe that he would have had enough time to either submit the $5.00 if the clerk of court had properly notified him that his petition had not been "filed."

Based on the circumstances of this case, I believe that the respondent's motion to dismiss should be denied. The *Lindh* court, in extending the date from which the one-year period of limitation would begin to apply, emphasized the petitioner's "reliance interests." 96 F.3d at 866. Also, the court of appeals did not say that the one-year period of limitation automatically applied to *all* petitions filed after April 23, 1997. Instead, the court said that a petitioner should be given a "reasonable time" after the enactment of the AEDPA and that therefore "no collateral attack filed by April 23, 1997, may be dismissed" under the one-year period of limitation. *Lindh*, 96 F.3d at 866. I interpret *Lindh* to say that any collateral attacks filed before April 23, 1997 are per se reasonable, but I do not believe that it holds that *all* petitions filed after that day are subject to the one-year period of limitation without the court's taking any other considerations into account.

I find that the reliance interests mentioned in *Lindh* apply here and that Mr. Barke's actual "filing" of his petition (by paying the $5.00) was done within a reasonable time considering the circumstances. This is especially true given Mr. Barke's pro se status. To hold that Mr. Barke's petition should be dismissed would, arguably, be akin to this court's suspending the writ, in violation of the constitution. *Cf. Rosa v. Senkowski*, 1997 WL 436484, at *7–10 (S.D.N.Y. Aug.1, 1997) (finding that the one-year statute of limitations, as applied to a petitioner who filed his petition eleven months after the

passage of the AEDPA, "effectively deprives him of the ability to obtain any collateral review in a federal court of the merits of his claim that his confinement violated his constitutional rights").

I will therefore deny the respondent's motion. In order to facilitate the resolution of Mr. Barke's petition, I will enter a briefing schedule on the issues presented in his petition.

Therefore, IT IS ORDERED that the respondent's motion to dismiss be and hereby is denied, without costs.

IT IS ALSO ORDERED that the petitioner be and hereby is directed to serve and file a brief in support of his petition by Monday, November 17, 1997.

IT IS FURTHER ORDERED that the respondent be and hereby is directed to serve a responsive brief by Monday, December 22, 1997.

IT IS FURTHER ORDERED that the petitioner be and hereby is directed to serve and file a responsive brief, if any, by Monday, January 12, 1997.