# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2905

_____

James Ali Henderson-El,          *
                                      *
          Appellant,        *
                                        *

          v.                  *   Appeal from the United States District
                                      *   Court for the Southern District of Iowa.

Herb Maschner, Warden     *
                                      *          [PUBLISHED]
          Appellee.        *

_____

Submitted: April 20, 1999
Filed:     June 23, 1999

_____

Before RICHARD S. ARNOLD and WOLLMAN,[1] Circuit Judges, and MAGNUSON,[2] District Judge.

_____

___

[1]The Honorable Roger L. Wollman succeeded the Honorable Pasco M. Bowman as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the end of the day on April 23, 1999.

[2]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation.

MAGNUSON, District Judge.

James Ali Henderson-El appeals from the judgment of the district court[3] denying his Petition for Writ of Habeas Corpus. We affirm.

**I.**

Appellant James Ali Henderson-El was tried and convicted in state court for first degree murder in 1976 and is now serving a life sentence. Appellant subsequently appealed his conviction to the Iowa Supreme Court, which rejected Appellant's claims of trial error and affirmed the conviction. The same counsel represented Appellant during his trial and his appeal. On August 3, 1979, Appellant filed his first application for post-conviction relief. There, he claimed that his trial counsel was ineffective for failing to inform him that he could plead to second degree murder, and that the trial court erred in its jury instruction which allowed the jury to find specific intent by inference. His application was denied, and that decision was affirmed by the Iowa Supreme Court.

On April 20, 1992, Appellant filed his second application for post-conviction relief. In this application, he asserted that the jury venire selection process unconstitutionally excluded minorities. The state district court dismissed this application because it was filed outside of the three-year limitations period established by Iowa law.

Again in May 1994, Appellant filed his third application for post-conviction relief, raising the following grounds: ineffective assistance of counsel because opening statements and closing arguments were not reported, and ineffective assistance of counsel for failing to object to closing arguments. The state district court again dismissed this application, finding it barred by the three-year statute of limitations.

---

[3]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

On May 6, 1997, Appellant filed a Petition for Writ of Habeas Corpus in federal district court. The following claims were raised in the petition: ineffective assistance of counsel for failing to preserve the issue of prosecutorial misconduct during closing arguments; ineffective assistance of counsel because previous attorneys did not raise the issue of prosecutorial misconduct in state court until the claim was time-barred; denial of a fair trial because the trial court gave a burden-shifting jury instruction; and denial of a fair trial because the jury venire panel was improperly composed. Although Appellant's present petition was not filed until May 6, 1997, Appellant signed the petition on April 20, 1997. Appellant proffered no evidence to show when the petition was mailed from prison.

The district court dismissed Appellant's petition as time-barred based on the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which prescribes a 1-year statute of limitations to applications for writs of habeas corpus.[4] The Court held

---

[4]Section 2244 provides, in pertinent part:
(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus . . .. The limitation period shall run from the latest of–
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244.

that the statute of limitations began running on December 21, 1981, the date the appeal from the first post-conviction action became final.[5]

## II.

This Court is to review the district court's dismissal of a § 2244 petition de novo. See Wise v. Bowersox, 136 F.3d 1197, 1201 (8th Cir. 1998). Our recent decision in Moore v. United States, No. 98-1153, 1999 WL 246875 (8th Cir. Apr. 16, 1999), allows for a one-year grace period on all § 2255 motions filed by prisoners whose convictions became final before the enactment of the AEDPA. Thus, we held that April 24, 1997, is the final date for filing such a motion within the one-year grace period. Id. at * 4. Section 2244's statute of limitation wording is, for all intents and purposes, identical to that of § 2255. Thus, the one-year grace period may also be applied to Appellant's habeas petition. However, Appellant's petition was not filed until May 6,1997, twelve days after the grace period expired.

Appellant seeks protection via the "prison mailbox rule." Under this rule, Appellant's § 2244 motion would be deemed filed on the date he placed it in the prison mail system. See Moore, 1999 WL 246875, at *1. However, Appellant has offered no evidence as to the date he placed his petition in the mail. The only facts before the Court are that Appellant signed the petition on April 20, 1997, and the Clerk's office filed it on May 6, 1997. Neither of these dates aids in determining whether the petition was mailed on or before April 24. Because Appellant failed to provide any evidence of the date on which he mailed his petition, he may not avail himself of the benefits of the prison mailbox rule.

Additionally, Appellant cites Barke v. Berge, 977 F. Supp. 938 (E.D. Wis. 1997), in support of his argument. In that case, the court held that a petition filed on May 16, 1997, was timely filed. See id. at 940. However, there, the petitioner had

---

[5]The Court held that the subsequent post-conviction claims could not toll the statute because they were procedurally barred.

originally filed on April 9, 1997, but failed to pay a filing fee.  The court noted that had the clerk of court notified the petitioner of his error, the petition could have been refiled within the limitations period.  <u>See</u> <u>id.</u>  Here, as there was no petition previously filed within the limitations period, <u>Barke</u> is inapposite.  Appellant's petition was not filed until May 6, 1997, and he has offered no evidence to show it was placed in the mail by April 24, 1997.  Thus, the district court's order dismissing Appellant's petition is affirmed.

**A true copy.**

   **ATTEST:**


      **CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.**