# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

————

No. 01-6078/6083EA

————

| | | |
|---|---|---|
| In re: Burma Jean Martin, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Burma Jean Martin, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | Bankruptcy Court for the Eastern |
| | * | District of Arkansas |
| Brian P. Sanford and Richard L. Cox, | * | |
| | * | |
| Appellees, | * | |

————

Submitted: December 24, 2001
Filed: January 2, 2002

————

Before KRESSEL, SCHERMER and DREHER, Bankruptcy Judges.

————

KRESSEL, Bankruptcy Judge.

Burma Jean Martin appeals from two orders of the bankruptcy court[1] denying three motions.  For reasons discussed in this opinion, we affirm both orders.

---

[1] The Honorable Mary Davies Scott, United States Bankruptcy Judge for the Eastern and Western Districts of Arkansas.

Background

Martin filed a chapter 7 case in 1995. Since that time, she has been engaged in extensive litigation in numerous forums. The history of that litigation is long and complicated and we will not review it here.[2] Her case was closed on October 7, 1999. However, two years later, she filed the three motions which led to these appeals.[3]

Relief From Settlement

The first two motions filed by Martin are related and together constitute her attempt to avoid a 1996 settlement she signed and the court's March 13, 1998, order approving that settlement. In one motion, she asks the court "for relief and reconsideration" of its order approving the settlement. In the related motion, she asks for an injunction pending the court's decision on her first motion.[4] Both of these

---

[2] Much of the litigation has been memorialized in published opinions. *See*, *Martin v. Cox (In re Martin)*, 140 F.3d 806 (8th Cir. 1998); *Martin v. U.S. Trustee*, ___ F.3d ___ , 2001 WL 1563154 (8th Cir. 2001); *Martin v. Martin (In re Martin)*, 141 F.3d 1169, 1998 WL 67740 (8th Cir. 1998); *Martin v. Sanford (In re Martin)*, 116 F.3d 480, 1997 WL 334884 (8th Cir. 1997); *Martin v. Cox (In re Martin)*, 212 B.R. 316 (B.A.P. 8th Cir. 1997); *In re Martin*, 268 B.R. 168 (Bankr. E.D. Ark. 1997); *Martin v. Martin*, 213 B.R. 575 (E.D. Ark. 1997); *Martin v. Cox*, 213 B.R. 574 (E.D. Ark. 1997); *Martin v. Cox*, 213 B.R. 571 (Bankr. E.D. Ark. 1996); *In re Martin*, 211 B.R. (Bankr. E.D. Ark. 1997); *In re Martin*, 208 B.R. 463 (Bankr. E.D. Ark. 1997); *In re Martin*, 205 B.R. 145 (Bankr. E.D. Ark. 1997); *In re Martin*, 205 B.R. 143 (Bankr. E.D. Ark. 1997); *In re Martin*, 199 B.R. 175 (Bankr. E.D. Ark. 1996); *In re Martin*, 1997 WL 160435 (Bankr. E.D. Ark. 1997); and *Sanford v. Martin (In re Martin)*, 1997 WL 160443 (Bankr. E.D. Ark. 1997).

[3] In order to avoid delaying decision on the debtor's motion and unnecessarily confusing the procedural posture of these motions even more, the bankruptcy court, in its order of October 2, 2001, reopened the debtor's case. No one has appealed from that part of the court's order.

[4] Injunctive relief is appropriately sought by the filing of a complaint. Fed. R. Bankr. P. 7001 (7).

motions were filed on September 24, 2001, and decided by the bankruptcy court in its October 2, 2001, order. Since there is no provision in any rule or statute for "reconsideration" of orders, the bankruptcy court generously and properly, in our view, construed Martin's motion to be one for relief under Fed. R. Bankr. P. 9024, which incorporates Fed. R. Civ. P. 60. The bankruptcy court analyzed the motion under Rule 60(b)(6), since all other provisions of Rule 60 are either time barred or clearly inapplicable. In its order, the bankruptcy court found that Martin's motion was untimely, since it was not made within a reasonable time and lacking in merit. We agree.

We see no error in the bankruptcy court's finding of untimeliness. The settlement which Martin now seeks to attack, was one that she signed in 1996 and was approved in 1998. The allegations made in her motion are not new and are simply rehashes of arguments made in other proceedings to a number of different courts.

In addition, most of the allegations, even if true, would not provide grounds for relief from a three year old order. The allegations (and they are merely that) do not demonstrate the "fraud on the court" she relies on. They demonstrate only that Martin regrets agreeing to the settlement and alleges she received bad advice.

After analyzing the factors for the granting of a temporary restraining order, the bankruptcy court also denied Martin's request for injunctive relief. We agree with the bankruptcy court's decision to deny that motion. Martin's motion did not demonstrate any likelihood of prevailing on the merits or address the relative harms to the parties of granting or denying such an injunction. In addition, because of the speed with which the bankruptcy court addressed and decided Martin's motion, her request for an injunction pending a decision is moot.

Enforcement of Settlement

In her third motion, Martin asks that the bankruptcy court enforce the settlement by ordering Cox and Sanford to deliver title of real property in Dallas to her parents, John Paul Martin and Hazel Victoria Martin. The bankruptcy court denied that motion in its order of October 15, 2001. We note a number of things regarding this motion. First of all, Martin seeks relief in the bankruptcy court on behalf of her parents. We think she lacks standing to do so. In addition, while the bankruptcy court approved the settlement in her pending bankruptcy case, the order that Martin wants enforced is a judgment entered by the United States District Court for the Northern District of Texas which the bankruptcy court lacks jurisdiction to enforce. Lastly, since Martin is requesting an affirmative injunction, her request would properly have been brought by the filing of an adversary proceeding.

We find no error in the bankruptcy's court order denial of the debtor's motion to force the conveyance of real property in Dallas, Texas.

CONCLUSION

Since we conclude that Martin's motions are nothing more than attempts to collaterally attack a long series of final orders entered by a whole series of courts and find no error in either of the bankruptcy court's orders, we affirm the bankruptcy court's orders entered October 2, 2001, and October 15, 2001.

A true copy.

Attest:

CLERK, UNITED STATES BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT

4