# United States Bankruptcy Appellate Panel

### For the Eighth Circuit

_____

No. 12-6056

_____

In re: Robin Lynn Bourgeois

*Debtor*

------------------------------

Robin Lynn Bourgeois

*Debtor - Appellant*

v.

Bank of America

*Creditor - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of Minnesota

_____

Submitted: March 8, 2013
Filed: March 22, 2013

_____

Before FEDERMAN, Chief Judge, SALADINO and NAIL, Bankruptcy Judges.

_____

NAIL, Bankruptcy Judge.

Robin Lynn Bourgeois ("Debtor") appeals the September 18, 2012 order of the bankruptcy court[1] denying his motion for reconsideration of the August 20, 2012 order of the bankruptcy court[2] dismissing his chapter 7 case.[3] We affirm.

## BACKGROUND

Debtor filed a petition for relief under chapter 7 of the bankruptcy code on August 17, 2012. He did not include a certificate of credit counseling with his petition.[4] On exhibit D to his petition ("Individual Debtor's Statement of Compliance with Credit Counseling Requirement"), Debtor checked the appropriate box to indicate he had requested credit counseling services from an approved agency but was

---

[1] The Honorable Kathleen H. Sanberg, United States Bankruptcy Judge for the District of Minnesota.

[2] The Honorable Robert J. Kressel, United States Bankruptcy Judge for the District of Minnesota.

[3] Debtor indicated in his notice of appeal he was appealing to the United States District Court for the District of Minnesota. However, "[a]n election to have an appeal heard by the district court . . . may be made only by a statement of election contained in a separate writing[.]" Fed.R.Bankr.P. 8001(e)(1). Because Debtor did not make an election to have his appeal heard by the district court in compliance with Rule 8001(e)(1), this appeal is properly before us. *Anderson v. Seaver* (*In re Anderson*), 269 B.R. 27, 30 (B.A.P. 8th Cir. 2001).

[4] An individual may not be a debtor under chapter 7 of the bankruptcy code unless he has received a briefing from an approved budget and credit counseling agency within the 180-day period ending on the petition date. 11 U.S.C. § 109(h)(1). Exceptions are made for individuals who reside in a district in which the United States Trustee determines the approved budget and credit counseling agencies cannot provide the necessary services, individuals who obtain a waiver from the bankruptcy court due to exigent circumstances, and individuals who cannot comply due to incapacity, disability, or active military duty in a military combat zone. 11 U.S.C. § 109(h)(2), (3), and (4).

unable to obtain such services within seven days of his request and offered the following statement in support of his request for a temporary waiver of the credit counseling requirement:

> I am currently in jail and have received a listing from the court of approved financial counselors in my state. I am working with my counselor here in jail to call the credit counselor and complete this requirement. My home has a sheriffs [*sic*] sale scheduled for August 16th and I am trying desperately to stop the sheriffs [*sic*] sale with this bankruptcy filing so my timing is critical. If I can file now I will complete my credit counseling within 15 days.

The bankruptcy court did not grant Debtor's request for a temporary waiver of the credit counseling requirement and dismissed his case on August 20, 2012. Debtor did not appeal this order.

On September 11, 2012, Debtor instead filed a motion for reconsideration of the bankruptcy court's order dismissing his case. Debtor reiterated he was incarcerated and claimed he had no regular means by which credit counseling could be obtained. This, he argued, warranted a waiver of the credit counseling requirement.[5] Debtor's motion for reconsideration also included a request for "a temporary restraining order suspending and restraini[ng] the operation, enforcement, or execution of the [mortgage holder's] repossession of [his residence] pending the final hearing and determination of this cause." On September 18, 2012, the

---

[5]The sheriff's sale referred to in Debtor's exhibit D took place on August 16, 2012, and was thus no longer a factor by the time Debtor filed his motion for reconsideration.

bankruptcy court denied Debtor's motion for reconsideration. On October 9, 2012, the bankruptcy clerk received and filed Debtor's notice of appeal of the bankruptcy court's order denying his motion for reconsideration.[6]

On January 22, 2013, we dismissed Debtor's appeal as untimely, and on February 8, 2013, the clerk issued his mandate. On March 8, 2013, Debtor filed a "Motion to Recall the Mandate [and] Motion to Reconsider." Debtor's motion, which we are treating as a motion for rehearing, is untimely. Fed.R.Bankr.P. 8015 ("[A] motion for rehearing may be filed within 14 days after entry of the judgment of . . . the bankruptcy appellate panel."). Nevertheless, for the reasons discussed below, we will grant Debtor's motion for rehearing and address the merits of his appeal.

DISCUSSION

In his motion for rehearing, Debtor admits he received a copy of the clerk's February 8, 2013 mandate, which refers to–but does not describe in any detail–our January 22, 2013 judgment. However, Debtor claims he did not receive a copy of our judgment until March 1, 2013. We recognize the difficulties Debtor has encountered in pursuing this appeal while incarcerated. Consequently, in the absence of anything

---

[6]In his notice of appeal, Debtor did not refer to the bankruptcy court's denial of his request for injunctive relief. More significantly, in his brief, he mentioned the issue only in passing ("Debtor requests remand to the Bankruptcy Court with instructions to . . . enter an order . . . granting debtor's Motion for a Restraining Order against Bank of America[.]"). He offered no argument in support of his position. Consequently, even if–contrary to our firm belief–Debtor's claim for injunctive relief has not been rendered moot by the sheriff's sale, that claim has been waived because it was not meaningfully raised in his brief. *Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004).

in the record to suggest Debtor is not being truthful,[7] we will suspend the provisions of Rule 8015 and address the merits of Debtor's motion for rehearing. Fed.R.Bankr.P. 8019 ("In the interest of expediting decision or for other cause, . . . the bankruptcy appellate panel may suspend the requirements or provisions of the rules in Part VIII, except Rules 8001, 8002 and 8013, and may order proceedings in accordance with the direction.").

A notice of appeal must be filed with the bankruptcy clerk within 14 days of the date of the entry of the order from which the appeal is taken. Fed.R.Bankr.P. 8002(a). A failure to comply with Rule 8002(a) deprives us of jurisdiction to review the bankruptcy court's order. *Luedtke v. Nationsbanc Mortg. Corp.* (*In re Luedtke*), 215 B.R. 390, 391 (B.A.P. 8th Cir. 1997). The bankruptcy court entered its order denying Debtor's motion for reconsideration on September 18, 2012. The deadline to file a timely notice of appeal was thus October 2, 2012. *See* Fed.R.Bankr.P. 9006(a)(1). Debtor signed his notice of appeal on September 29, 2012, but the bankruptcy clerk did not receive and file it until October 9, 2012. On its face, Debtor's notice of appeal was therefore untimely.

In reaching that conclusion, we were mindful of Debtor's status as a prisoner. Under the prison mailbox rule, a *pro se* pleading is deemed filed upon deposit in the prison mail system. *United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006). However, the record did not reveal the date Debtor deposited his notice of appeal in the prison mail system, only the date he signed it and the date the bankruptcy clerk received and filed it. Under the circumstances, Debtor could not invoke the prison mailbox rule. *Henderson-El v. Maschner*, 180 F.3d 984, 985-86 (8th Cir. 1999).

---

[7]While it was denominated as the appellee, Bank of America has not participated in this appeal and has not challenged Debtor's assertion.

In his motion for rehearing, however, Debtor states he deposited his notice of appeal in the prison mail system on September 29, 2012, which was within the time allowed by Rule 8002(a). Nothing in the record suggests Debtor is not being truthful.[8] Assuming *arguendo* the prison mailbox rule applies in bankruptcy proceedings–an issue the Eighth Circuit Court of Appeals has yet to confront–Debtor's notice of appeal was therefore timely. Consequently, we will grant Debtor's motion for rehearing and will consider the merits of his appeal.

We begin our consideration of the merits by noting neither the federal rules of bankruptcy procedure nor the federal rules of civil procedure provide for a "motion for reconsideration." *See Martin v. Sanford* (*In re Martin*), 271 B.R. 333, 334 (B.A.P. 8th Cir. 2002). Our first task is therefore to decide how to characterize Debtor's motion for reconsideration.

> Federal courts have construed [a motion for reconsideration] as arising under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason). The two rules serve different purposes and produce different consequences, both substantive and procedural. When the moving party fails to specify the rule under which it makes a postjudgment motion, that party leaves the characterization of the motion to the court's somewhat unenlightened guess, subject to the hazards of the unsuccessful moving party losing the opportunity to present the merits underlying the motion to an appellate court because of delay.

*Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988) (citations omitted).

---

[8]*See supra* note 7.

-6-

A motion under Fed.R.Bankr.P. 9023 and Fed.R.Civ.P. 59(e) to alter or amend a judgment must be filed within 14 days of the entry of judgment. Fed.R.Bankr.P. 9023. In this case, the bankruptcy court entered its order dismissing Debtor's chapter 7 case on August 20, 2012. The deadline to file a timely motion to alter or amend that order was thus September 4, 2012. *See* Fed.R.Bankr.P. 9006(a)(1).[9] Debtor did not sign his motion for reconsideration until September 5, 2012, and the bankruptcy clerk did not receive and file it until September 11, 2012. If we construe it as a motion under Fed.R.Bankr.P. 9023 and Fed.R.Civ.P. 59(e) to alter or amend the bankruptcy court's order dismissing Debtor's chapter 7 case, Debtor's motion for reconsideration would therefore be untimely.[10] If that were so, the bankruptcy court would have lacked jurisdiction over Debtor's motion for reconsideration, the bankruptcy court's order denying Debtor's motion for reconsideration would be a nullity, and we would lack jurisdiction over this appeal. *Sanders*, 862 F.2d at 168-69.

For that reason, we will instead construe Debtor's motion for reconsideration as a motion under Fed.R.Bankr.P. 9024 and Fed.R.Civ.P. 60(b) for relief from a final judgment, order, or proceeding. With certain exceptions that are not implicated in this case, such a motion must be filed within a reasonable time, and if it is based on mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud, misrepresentation, or misconduct by an opposing party, such a motion must be filed within a year of the entry of the judgment or order or the date of the proceeding. Fed.R.Bankr.P. 9024; Fed.R.Civ.P. 60(c)(1). Debtor's motion for reconsideration –when construed as a motion under Rule 60(b) for relief from a final judgment, order, or proceeding–was therefore timely.

---

[9] September 3, 2012, was Labor Day, which is a legal holiday. Fed.R.Bankr.P. 9006(a)(6).

[10] In this instance, the prison mailbox rule is of no avail to Debtor, who cannot have deposited his motion for reconsideration in the prison mail system before he signed it.

An order denying relief under Rule 60(b) is a final order that may be appealed. *Sanders*, 862 F.2d at 165 n.3. However, "the appeal of the denial of a Rule 60(b) motion does not raise the underlying judgment for [the appellate court's] consideration and review but only presents the merits of the Rule 60(b) motion for [the appellate court's] consideration." *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004). Our review is thus limited to the bankruptcy court's order denying Debtor's motion for reconsideration. We review that order only for abuse of discretion. *Sanders*, 862 F.2d at 165 n.3.

> A court abuses its discretion when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; or when all proper factors and no improper ones are considered, but the court commits a clear error of judgment in weighing those factors.

*City of Duluth v. Fond Du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1152 (8th Cir. 2013).

The relief afforded by Rule 60(b) is an extraordinary remedy. *Hunter*, 362 F.3d at 475. A court may grant such relief "only upon an adequate showing of exceptional circumstances." *Taylor v. United States*, 642 F.2d 1118, 1119 (8th Cir. 1981) (*per curiam*). Debtor made no such showing in this case.

In his motion for reconsideration, Debtor reiterated his argument that his incarceration warranted a waiver of the credit counseling requirement. This argument is without merit. *See, e.g.*, *In re Larsen*, 399 B.R. 634, 636 (Bankr. E.D. Wis. 2009) (Debtor's incarceration was not an exigent circumstance that entitled him to a temporary waiver of the credit counseling requirement); *In re Johnson*, Bankr. No. 07-00465, 2007 WL 2990563, at *1 (Bankr. D.C.C. Oct. 11, 2007) (incarceration

alone does not warrant exempting a debtor from the credit counseling requirement); *In re McBride*, 354 B.R. 95, 98 (Bankr. D.S.C. 2006) ("[Debtor's] incarceration has no bearing on the exigency of his need to file a petition for bankruptcy[.]"). Moreover, even if it had merit, Debtor could have–and if he wished to preserve the issue, he should have–raised that argument on appeal from the bankruptcy court's order dismissing his case. He cannot use Rule 60(b) as a substitute for such an appeal. *Taylor,* 642 F.2d at 1119.

Debtor also argued Bank of America, his mortgage lender, had violated the automatic stay.[11] Given the timeline of this case, we fail to see how Bank of America could possibly have done so: The sheriff's sale took place the day before Debtor filed his petition for relief under chapter 7. However, even if Bank of America did somehow violate the automatic stay, Debtor did not explain to the bankruptcy court–and has not explained to us–how that violation would have any bearing on whether Debtor was entitled to a waiver of the credit counseling requirement.

Finally, Debtor argued under 11 U.S.C. § 521(i)(1) the bankruptcy court could not dismiss his chapter 7 case for 45 days after the petition date. This argument is also without merit. Section 521(i)(1) merely provides in the event an individual debtor fails to file the documents required by § 521(a)(1)–which do not include a certificate of credit counseling–within 45 days of the petition date, the case will be *automatically* dismissed on the 46th day. Section 521(i)(1) does not limit a bankruptcy court's ability to dismiss a chapter 7 case filed by an individual who is not an eligible debtor under 11 U.S.C. § 109(h).

---

[11]A bankruptcy petition generally operates as a stay of a variety of acts, including "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]" 11 U.S.C. § 362(a)(3).

Debtor has not identified anything in the record to suggest the bankruptcy court, in denying his motion for reconsideration, failed to consider any relevant factors, considered or gave significant weight to any irrelevant or improper factors, or committed a clear error of judgment in weighing the proper factors. Consequently, we find no abuse of discretion in the bankruptcy court's decision to deny Debtor's motion for reconsideration.

## CONCLUSION

Finding no abuse of discretion, we affirm the bankruptcy court's order denying Debtor's motion for reconsideration.

———————————————