**James Milus WEAVER, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. C1–87–385.

Court of Appeals of Minnesota.

June 23, 1987.

Review Denied Aug. 12, 1987.

C. Paul Jones, State Public Defender, Bradford Colbert, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan Mitchell, St. Louis Co. Atty., Duluth, for respondent.

Considered and decided by LANSING, P.J., and HUSPENI, and RANDALL, JJ.

## OPINION

RANDALL, Judge.

James Milus Weaver appeals the denial of his petition for postconviction relief, seeking vacation of his conviction of first degree criminal sexual conduct, on the basis of ineffective assistance of counsel. We affirm.

## FACTS

Appellant's first trial ended in mistrial due to illness of an indispensable witness. After a second trial, appellant was convicted of two counts first degree criminal sexual conduct, one count third degree criminal sexual conduct, and one count fifth degree assault. At trial and at sentencing, appellant was represented by John D. Durfee, a privately retained attorney with approximately 30 years experience as a defense attorney and 22 years experience as chief public defender of the Sixth Judicial District.

Weaver appealed the conviction, but did not raise inadequacy of counsel as an issue. This court affirmed in part, but vacated the conviction of one count of first degree criminal sexual conduct and the count of third degree criminal sexual conduct. *State v. Weaver*, 386 N.W.2d 413 (Minn.Ct. App.1986) *pet for rev. denied* (Minn. May 6, 1986).

In September 1986, while incarcerated, appellant learned that his trial counsel had died recently after suffering from lung cancer. Appellant petitioned for postconviction relief, contending that his trial counsel had a preoccupation with his illness and that the medication he took during the trial

deprived appellant of his constitutional right to effective assistance of counsel.

Appellant alleges the following: Durfee failed to strike a juror who was befriended with the family of (J.L.), the victim; Durfee took valium during the trial; Durfee's cross examination of J.L. was ineffective, and did not focus on statements she made to the police; Durfee failed to call several witnesses; Durfee failed to investigate additional hotel records to establish the extent of appellant's affair with J.L.; Durfee did not try to obtain a videotape made of J.L. after the rape; Durfee did not introduce a tape recording of a telephone conversation between appellant and J.L.; Durfee did not object to the admission into evidence of a pocket knife and photographs of J.L.; Durfee's closing argument was ineffective; and Durfee misconstrued appellant's wishes at sentencing.

On February 12, 1987, the trial court denied appellant's petition for an order vacating the judgment of conviction and for a new trial. The judge issuing the post trial order had also presided at trial, and thus was completely familiar with Durfee's representation of appellant both at trial and at sentencing. The trial court found Durfee effectively represented appellant. Weaver appeals.

## ISSUE

Did the trial court err by finding appellant was not denied his right to the effective assistance of counsel?

## ANALYSIS

The right to counsel in a criminal prosecution is a fundamental constitutional right. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

To obtain relief on the ground of inadequate representation, an appellant must show that his representation was so inadequate that it amounted to a sham or mockery of justice. *State v. Jacobs*, 292 Minn. 41, 45, 192 N.W.2d 816, 819 (1971). He must show that counsel's performance was deficient *and* that the deficient performance prejudiced the defense. *See Sather v.*

*State*, 352 N.W.2d 79, 81 (Minn.Ct.App. 1984).

The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).

The standard to be applied to counsel's representation must be an objective standard of reasonableness. *Id.* at 688, 104 S.Ct. at 2064. Trial counsel fails to render effective assistance when failing to exercise the customary skills and diligence of a reasonably competent attorney under similar circumstances. *State v. Berry*, 309 N.W.2d 777, 785 (Minn.1981).

In evaluating counsel's competency, we must attempt to avoid the distorting effects of hindsight. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Id.*, (citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed.2d 83 (1955).

Appellant asserts Durfee lied to appellant and his family, denying that he suffered from cancer. He claims that because Durfee was preoccupied with his illness, and because he denied he was ill, appellant was deprived of effective assistance of counsel.

■ Appellant claims Durfee took valium before interviewing J.L., the victim. Appellant claims he saw Durfee taking a pill just before his cross examination of J.L., and that in response to appellant's question about the pill Durfee stated it was valium. Later Durfee allegedly stated the pill had been "a Tylenol for a headache." The post-

conviction court found that if Durfee had been ill and using tranquilizers, neither illness nor medication impaired his ability to effectively and zealously represent appellant. Our reading of the transcript leads us to the same conclusion.

Appellant claims Durfee's cross examination of J.L. was ineffective because he failed to ask specific questions about Lilyquist's statements as reflected in the police report and asked "inane questions." Durfee's cross examination of J.L. was extensive. We agree with the postconviction court that Durfee's cross examination of J.L. was well within the range of reasonable trial strategy. Moreover, appellant does not show his defense was prejudiced, either by Durfee's failure to ask any specific questions, or by the questions asked.

Appellant claims Durfee did not call several witnesses he planned to call. However, the matters to which appellant claims these witnesses would have testified were brought out at trial through other witnesses. Appellant does not overcome the strong presumption that Durfee's decision not to introduce cumulative testimony was within the range of reasonable trial strategy. *See Strickland*, 466 U.S. at 691, 104 S.Ct. at 2066 (counsel's actions are usually based on informed strategic choices).

■ Similarly, we find without merit appellant's contention Durfee was ineffective by failing to object to the admission of various items of evidence. The decision to object is largely a matter of strategy. *See State v. Gorman*, 219 Minn. 162, 170, 17 N.W.2d 42, 46–47 (1944). Durfee did not immediately object to the introduction of a pocket knife. He later objected to the introduction of the knife, and after trial moved that it be withdrawn from evidence. The trial court declined to withdraw the exhibit on the basis that sufficient foundation supported the introduction of the knife. We find no prejudice to appellant's defense arising out of Durfee's not objecting earlier.

We have considered appellant's other contentions, and find them to be without merit. Appellant has not shown that Durfee's performance was deficient and that he was prejudiced thereby. As the supreme court stated in *White v. State*, 309 Minn. 476, 481, 248 N.W.2d 281, 285 (1976):

[T]he overall concern is limited to whether our adversary system of criminal justice has functioned properly. The narrow issue is not whether defense counsel was effective in the assistance rendered but rather whether defendant received the effective assistance required to assure him a fair trial and the integrity of our adversary system of justice.

At the postconviction hearing, in a well reasoned and comprehensive review of appellant's claims, the court made the following detailed findings of fact:

13. At all times during his representation of the petitioner, Attorney Durfee displayed excellent preparation, extreme concern for his client, great and tenacious skills as an advocate, and a thorough grasp of the facts and the law relating thereto.

14. That Attorney Durfee may have been in the beginning stages of cancer, but if so, that malady did not interfere with or detract at all from his ability to represent petitioner effectively and zealously.

15. That whether or not Attorney Durfee used tranquilizers during the trial is unknown to the undersigned, but if so, such usage in no way impaired his abilities either physically or mentally during the conduct of the trial, and during his representation of the petitioner.

16. Attorney Durfee handled and tried this case with the same attention to high standards that the undersigned had numerous times observed on other cases tried by Attorney Durfee, and the undersigned was and is unable to point to any deficiencies whatsoever in Durfee's representation of the petitioner.

17. The contentions that Durfee failed to present certain witnesses or evidence, or that he failed to object to certain items of evidence, or that he failed to pursue or to argue a particular line of inquiry are all matters of trial tactics, and the firm

conviction of the undersigned is that the case, from the standpoint of the petitioner, could not have been tried better than it was tried by Attorney Durfee.

18. The undersigned concluded, as did the Court of Appeals, that the evidence was sufficient to sustain the burden of proof against the petitioner, and such burden of proof was established, not because of the alleged deficiencies of Attorney Durfee, but rather despite his extraordinary skills as he attempted to persuade the jury to acquit the petitioner.

19. Petitioner contends that Durfee's comments about petitioner during summation subjected him to scorn or ridicule, but petitioner fails to observe that it was he himself, at extraordinary length, who related the sordid details of his long term relationship with the complaining witness. Durfee's comments relating thereto, rather than evidencing a lack of concern for his client, attempted to put the best possible light on a course of conduct which the petitioner himself had at substantial length explained to the jury.

20. The petitioner has not demonstrated or established any deficiencies or areas of incompetency on the part of his trial counsel, John D. Durfee.

Our own painstaking review of the trial transcript and the complete record leads us to the same conclusion as that reached by the trial court. Appellant has shown neither inadequate representation nor prejudice. We find appellant received the effective assistance of counsel necessary to assure him a fair trial.

**DECISION**

Appellant failed to show that he received ineffective assistance of counsel.

Affirmed.