**Michael L. NORLANDER**

v.

**PLASKY, Dr., McLean Hospital.**

**Civil Action No. 96–11933–JLT.**

United States District Court,
D. Massachusetts.

May 21, 1997.

Michael L. Norlander, Milford, CT, pro se.

Diane M. Geraghty, Connor & Hilliard, Walpole, MA, for Dr. Plasky.

Diane M. Geraghty, Connor & Hilliard, Walpole, MA, Ellyn H. Lazar, Attorney General's Office, Boston, MA, for McLean Hosp.

## ORDER

TAURO, Chief Judge.

No objection having been filed to the Report and Recommendation entered by Magistrate Judge Bowler on May 1, 1997, the court approves and adopts the Report and Recommendation.

The captioned action is ordered dismissed.

## REPORT AND RECOMMENDATION RE: MOTION TO DISMISS
### (DOCKET ENTRY # 7)

BOWLER, United States Magistrate Judge.

On September 29, 1996, petitioner Michael L. Norlander ("petitioner") filed this habeas corpus petition *pro se* pursuant to 28 U.S.C. § 2254. (Docket Entry # 3). This court, in accordance with Rule 4 ("Rule 4") of the Rules Governing Section 2254 Cases in the United States District Courts ("habeas rules"), ordered respondents Dr. Paul Plasky and McLean Hospital ("respondents") to answer the petition. (Docket Entry # 5). Respondents' answered and filed a motion to dismiss on November 20, 1996. (Docket Entry ## 6 & 7). Petitioner has not filed an opposition to respondents' motion to dismiss.

After a number of attempts to reach petitioner regarding his claim, this court ordered petitioner to show cause why this petition should not be dismissed under Rule 41(b), Fed.R.Civ.P. ("Rule 41(b)"), for want of prosecution. (Docket Entry # 11). Accordingly, two issues are ripe for review: (1) dismissal for want of prosecution; and (2) respondents' motion to dismiss (Docket Entry # 7).

### BACKGROUND

On June 3, 1996, pursuant to an application filed by petitioner's wife, Joan Norlander, the Massachusetts District Court, Woburn Division, ordered petitioner to be committed to McLean Hospital ("McLean") for a period not to exceed ten days under the authority of Massachusetts General Laws chapter 123 ("chapter 123"), section 12(e). (Docket Entry # 10). Records submitted by respondents show that petitioner was admitted to McLean on the same day. (Docket Entry # 10). Respondents, on June 11, 1996, petitioned the Massachusetts District Court, Cambridge Division ("state district court"), under chapter 123, sections seven and eight, for a second commitment order not to exceed six months. (Docket Entry # 10). The state district court allowed the petition on June 25, 1996, and petitioner remained in the custody of respondents until he was discharged on July 22, 1996. (Docket Entry # 10).

On July 1, 1996, prior to petitioner's July 22, 1996 discharge from McLean, the Clerk

of the United States District Court for the District of Massachusetts ("the clerk") date stamped as received for filing: (1) petitioner's application to proceed *in forma pauperis;* (2) the civil cover sheet completed by petitioner; and (3) petitioner's habeas corpus petition. Also on July 1, 1996, the clerk filed and docketed the motion to proceed *in forma pauperis.* (Docket Entry # 1). The petition for writ of habeas corpus, however, was not docketed upon receipt inasmuch as petitioner had filed the motion to proceed *in forma pauperis* in lieu of paying the required court fee.

On September 29, 1996, the district judge allowed petitioner's motion to proceed *in forma pauperis.* Accordingly, on September 29, 1996, the clerk docketed and assigned a docket entry number to the petition for writ of habeas corpus.

The petition alleges, *inter alia,* that petitioner received inadequate counsel during the commitment proceedings and that he is being held in custody in violation of the Fourteenth Amendment.

After review of the petition, on October 31, 1996, this court ordered respondents to file an answer in accordance with Rule 4 of the habeas rules. (Docket Entry # 5). Respondents answered and filed a motion to dismiss. (Docket Entry ## 6 & 7). The motion alleges that petitioner is not in custody nor was he in custody at the time his *pro se* petition for habeas corpus was filed. Respondents further maintain that because petitioner was released from custody on July 22, 1996, the petition is moot.[1]

On January 23, 1997, as provided for under Rule 7 of the habeas rules and because the record lack evidentiary support for respondents' contentions, this court ordered respondents to produce all documents, including the commitment and discharge records of petitioner, relevant to the determination of the merits of the motion to dismiss. (Docket Entry # 9). Respondents produced court and hospital records which establish that petitioner was admitted to McLean on June 3, 1996, and discharged on July 22, 1996. (Docket Entry # 10).

Since the filing of the petition, this court repeatedly sent mail to petitioner which was returned for various reasons. In particular, on November 1, 1996, copies of this court's Order to Answer (Docket Entry # 5) were mailed to both petitioner's last known address and his address of record, only to be returned by the United States Postal Service ("the Post Office") marked "Unclaimed" and "Moved Left No Address," respectively. In addition, on January 24, 1997, copies of this court's Procedural Order (Docket Entry # 9) were mailed to both addresses. This time, the mail was returned marked "Unclaimed" and "Addressee Unknown," respectively.

Thus, on March 11, 1997, in a final effort to locate petitioner, this court issued a show cause order, requiring petitioner to show cause within 20 days why the petition should not be dismissed under Rule 41(b) for want of prosecution. (Docket Entry # 11). Likewise, copies of this order were mailed to petitioner's last known address and to his address of record. Similarly, on April 7, 1997, the Post Office returned the mail sent to his address of record marked "Unclaimed."

## DISCUSSION

### I. INVOLUNTARY DISMISSAL

"Rule 41(b) of the Federal Rules of Civil Procedure expressly authorizes a district court to dismiss a case 'for failure of the plaintiff to prosecute or comply with . . . any order of court.'" *Estate of Solis–Rivera v. United States,* 993 F.2d 1, 2 (1st Cir.1993) (citations omitted).

 In the case at bar, petitioner has both failed to prosecute his claim and failed to comply with this court's Order to Show Cause. (Docket entry # 11). This court has sent mail to petitioner at two different locations on three different occasions, only to have the mail returned by the Post Office each time. Furthermore, petitioner has not taken any action to prosecute this petition

---

1. In light of this court's resolution of the motion and the petition on other grounds, it is not necessary to decide the mootness issue.

since submitting the initial papers received for filing on July 1, 1996.

In addition to petitioner's inaction and equally important for purposes of a Rule 41(b) dismissal, petitioner has failed to comply with this court's Order to Show Cause. (Docket entry # 11). The order allowed petitioner 20 days to respond. To date, petitioner has not complied with the order.

Thus, pursuant to Rule 41(b), the petition for writ of habeas corpus should be involuntarily dismissed for want of prosecution.

## II. *MOTION TO DISMISS*

■ In the alternative, the petition should be dismissed because this court lacks jurisdiction. In short, as respondents contend, petitioner was not in custody when his petition was filed.

In order for this court to have jurisdiction over the petitioner's habeas claim, the petitioner must be *"in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). In addition, "the statutory language [requires] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook,* 490 U.S. 488, 490–91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989). Stated otherwise, "Custody is tested at the time of filing the petition." *Weaver v. Pung,* 925 F.2d 1097, 1099 (8th Cir.), *cert. denied,* 502 U.S. 828, 112 S.Ct. 99, 116 L.Ed.2d 70 (1991).

Rule 3(b) of the habeas rules provides the framework for filing habeas corpus petitions. It provides, in pertinent part, that:

> Upon receipt of the petition *and* the filing fee, *or* an order granting leave to the petitioner to proceed in forma pauperis . . ., the clerk of the district court shall file the petition and enter it on the docket in his office.

28 U.S.C. foll. § 2254, Rule 3(b) (emphasis added).

■ Thus, for purposes of filing a petition for writ of habeas corpus, Rule 3(b) contemplates the occurrence of two things. First, the clerk must receive the petition. Second, the clerk must either receive the filing fee or an order granting leave to proceed *in forma pauperis.* As the Eighth Circuit stated in *Weaver,* "Notably, the rule does not direct the clerk to file the petition upon receipt of the petition and an *application* to proceed in forma pauperis." *Weaver,* 925 F.2d at 1099 (emphasis in original).

In the instant case, the clerk received petitioner's petition and his application to proceed *in forma pauperis* on July 1, 1996. Petitioner chose to file the petition without submitting the filing fee. The order granting leave to petitioner to proceed *in forma pauperis* was entered on the docket on September 29, 1996. Accordingly, on this date, petitioner's writ was deemed filed as contemplated by Rule 3(b) because the clerk both received the petition and the order granting petitioner leave to proceed *in forma pauperis.*

On July 22, 1996, however, just over two months before the statutory filing of his petition, petitioner was discharged from McLean. (Docket Entry # 10). Thus, petitioner was not "in custody" at the time of filing on September 29, 1996. This court, therefore, lacks jurisdiction to entertain the petition.

■ It should be noted, however, that this is a *pro se* habeas petition and *pro se* litigants are generally entitled to some deference. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Indeed, in the context of a prisoner's *pro se* notice of appeal from the denial of his *pro se* petition for writ of habeas corpus, the Supreme Court interpreted "filing" under Rule 4(a)(1), Fed. R.App. P. ("Rule 4(a)(1)"), as occurring at the time when the petitioner handed the petition to prison authorities to be mailed to the court. *Houston v. Lack,* 487 U.S. 266, 277, 108 S.Ct. 2379, 2385–86, 101 L.Ed.2d 245 (1988).

*Lack,* however, is distinguishable from the case at bar inasmuch as the Supreme Court was interpreting "filing" for purposes of Rule 4(a)(1) as opposed to "filing" under Rule 3(b) of the habeas rules. *See e.g., Allen v. Dowd,* 964 F.2d 745, 746 (8th Cir.), *cert. denied,* 506 U.S. 920, 113 S.Ct. 335, 121 L.Ed.2d 253 (1992) (limiting *Lack* to notices of appeal). Moreover, the First Circuit has criticized

*Lack,* stating that "the doctrine of permitting a late appeal in cases of 'unique circumstances' [such as *Lack* ] . . . may be on shaky ground." *United States v. Heller,* 957 F.2d 26, 28 (1st Cir.1992). Finally, in addition to the fact that *Lack* was not construing Rule 3(b) of the habeas rules, the case at bar does not involve "unique circumstances" similar to those at issue in *Lack.* Rather, this case concerns a petitioner who failed to meet the statutory requirements.

### CONCLUSION

This court therefore **RECOMMENDS**[2] that petitioner's petition for writ of habeas corpus be dismissed under Rule 41(b), Fed. R.Civ.P. In the alternative, this court **REC-OMMENDS**[3] that respondents' motion to dismiss (Docket Entry # 7) be **ALLOWED** inasmuch as petitioner was not in custody at the time of filing of the petition.

---

**2.** Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of the Report and Recommendation to which objection is made and the basis for such objection. Any party may respond to another party's objections within ten days after service of the objections. Failure to file objections within the specified time waives the right to appeal the district court's order. *United States v. Escoboza Vega,* 678 F.2d 376, 378–79 (1st Cir.1982); *United States v. Valencia–Copete,* 792 F.2d 4, 6 (1st Cir.1986).

**3.** See the previous footnote.