**Charles E. SLATER, Petitioner,**

v.

**Robert E. SNYDER, Warden, and M. Jane Brady, Attorney General of the State of Delaware, Respondents.**

**No. 97–337–JJF.**

United States District Court, D. Delaware.

Nov. 19, 1997.

Order Denying Reargument, March 25, 1998.

Charles E. Slater, petitioner pro se.

Loren C. Meyers, Department of Justice, State of Delaware, Wilmington, DE, for respondents.

**MEMORANDUM AND ORDER**

FARNAN, Chief Judge.

Presently before the Court is Respondents' Motion To Dismiss (D.I.8). Respondents assert that the Petition for Writ of Habeas Corpus (D.I.2) filed by Petitioner pursuant to 28 U.S.C. § 2254 should be dismissed as barred by 28 U.S.C. § 2244(d)(1). Petitioner filed his answer to this Motion on July 31, 1997. (D.I.11).

Pursuant to 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas corpus petitions filed by state prisoners must be filed within one year of the date on which the state court conviction became final by the conclusion of direct review. 28 U.S.C.

§ 2244(d)(1). If applied to convictions that became final before the AEDPA was enacted, however, the application of the limitations period would create a impermissibly retroactive outcome. *United States v. Simmonds*, 111 F.3d 737, 745 (10th Cir.1997); *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir.1996), *rev'd on other grounds,* —— U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Reyes v. Keane*, 90 F.3d 676, 679 (2d Cir.1996). For example, the period for Petitioner to file his federal habeas petition would begin to run in April, 1992, when the Delaware Supreme Court affirmed his conviction (D.I. 8 at 1), and would expire one year later, in April, 1993. Given that the AEDPA was not enacted until 1996, the Petition would be barred, even though Petitioner had no notice of the limitations period.

For this reason, federal courts have determined that prisoners should be given a "reasonable time" after the AEDPA was signed into law to file petitions which would otherwise be barred by the statute. *Simmonds*, 111 F.3d at 745–46; *Lindh*, 96 F.3d at 866. A "reasonable time" has been defined by the courts as one year from the date that 28 U.S.C. § 2244 was amended by the AEDPA to include the limitations period. *Simmonds*, 111 F.3d at 746; *Lindh*, 96 F.3d at 866. Therefore, because the AEDPA was signed into law on April 24, 1996, Petitioner had until April 23, 1997 to file his federal habeas petition.

Respondents contend that although the Clerk of the District Court received the Petition on March 6, 1997, the date of receipt does not constitute filing. (D.I. 8 at 3). Instead, Respondents assert that pursuant to Rule 3(b) of the Rules Governing Section 2254 Cases in United States District Courts, filing occurs when the Clerk receives the petition and either (1) the statutory filing fee of $5.00 or (2) an order granting leave to proceed in forma pauperis. (D.I. 8 at 3); *see* 28 U.S.C. foll. § 2254, Rule 3(b). Respondents argue that because the Court did not grant Petitioner leave to proceed in forma pauperis until June 20, 1997, the Petition was not filed until that date, and therefore, fell outside the one year limitation period under 28 U.S.C. § 2244(d)(1). (D.I. 8 at 4).

The Court is not persuaded by Respondents' argument. The Petition and attached Application to proceed in forma pauperis are stamped "Received" by the Clerk of the District Court on February 26, 1997.[1] Thus, the Petition and Application were received by the Clerk nearly two months before the filing deadline of April 23, 1997. Petitioner is not responsible for the fact that the Application to proceed in forma pauperis was not granted until June 20, 1997, and the Court will not apply Rule 3(b) in a manner that penalizes Petitioner for an administrative delay over which he had no control. To hold otherwise would be unduly prejudicial to the Petitioner.

In addition, the Court views the two cases cited by Respondents on this issue as distinguishable from the instant case. Both of the cases concerned whether the petitioners were "in custody" at the time of filing for jurisdictional purposes pursuant to 28 U.S.C. § 2254(a). *Weaver v. Pung*, 925 F.2d 1097, 1099 (8th Cir.), *cert. denied,* 502 U.S. 828, 112 S.Ct. 99, 116 L.Ed.2d 70 (1991) (petitioner's sentence had recently expired); *Norlander v. Plasky*, 964 F.Supp. 39, 42 (D.Mass.1997) (petitioner was recently discharged from incarceration); *see Maleng v. Cook*, 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (petitioner must be in custody at time of filing for district court to have subject matter jurisdiction). In both cases, reference was made to Rule 3(b) as a guideline for determining the filing date in the context of the custody inquiry. *Weaver*, 925 F.2d at 1097; *Norlander*, 964 F.Supp. at 42. As Petitioner's custodial status is not an issue in the instant case, the Court declines to extend the reasoning applied in *Weaver* and *Norlander* to bar Petitioner's remedy through Section 2244(d)(1).

NOW THEREFORE, IT IS HEREBY ORDERED this 19th day of November, 1997

---

1. The Court notes that Respondents erroneously recorded the date of March 6, 1997, which was stamped on the Individual Account Statement attached to the Petition, as the date of receipt by the Clerk. (D.I.2). As both dates fell before the April 23, 1997 deadline, this discrepancy does not affect the Court's decision in this matter.

that Respondents' Motion To Dismiss (D.I. 8) is DENIED.

## OPINION

Presently before the Court is Respondents' Motion For Reargument (D.I.13) of the Court's Order of November 20, 1997[1] denying Respondents' Motion To Dismiss. (D.I.12, D.I.8). Respondents contend that the unpublished decision of the United States Court of Appeals for the Third Circuit in *United States v. Urrutia* renders this Court's denial of the Motion To Dismiss erroneous. (D.I. 13 at 2); *see United States v. Urrutia,* 129 F.3d 1257, No. 97–7051 (3d Cir. Sept.15, 1997) (unpublished).

Respondents' Motion To Dismiss was based on their assertion that the Petition filed by Petitioner pursuant to 28 U.S.C. § 2254 was time-barred. (D.I.8). In the November 20, 1997 Order, this Court explained the requirement under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") that federal habeas corpus petitions filed by state prisoners must be filed within one year of the date on which the state court conviction became final by the conclusion of direct review. 28 U.S.C. § 2244(d)(1). (D.I.12). However, the Court concluded that where a prisoner's convictions became final before the AEDPA's April 24, 1996 enactment, in order to avoid an impermissibly retroactive application of the statute, the prisoner should be given a "reasonable time" after the AEDPA became effective to file a petition. (D.I. 12 at 2). The Court determined, in accord with the Courts of Appeals for the Seventh and Tenth Circuits, that a "reasonable time" would be one year. (D.I. 12 at 2). Therefore, because Petitioner's habeas corpus Petition was received by the Clerk of the District Court a nearly two months before the April 23, 1997 deadline, the Court concluded that the Petition had been timely filed and denied Respondents' Motion To Dismiss. (D.I. 12 at 4).

Respondents now argue, based on the Court of Appeals for the Third Circuit's decision in *Urrutia,* that a reasonable period of time is less than one year, and that therefore, the Petition is untimely. (D.I. 13 at 4). According to Respondents, this Court has "made the wrong prediction about the rule that would apply in the Third Circuit." (D.I. 13 at 2–3). The Court, however, believes that the *Urrutia* decision supports the Court's determination in its November 20, 1997 Order.

In *Urrutia,* the petitioner filed a petition pursuant to 28 U.S.C. § 2255 on December 10, 1996, over three and one-half years from the date his conviction became final. *Urrutia,* No 97–7051, at 2. The district court dismissed the petition as untimely, and the petitioner appealed. *Id.* at 1. Citing, *inter alia,* the exact cases from the Seventh and Tenth Circuits cited by this Court in its November 20, 1997 Order, the Court of Appeals for the Third Circuit stated:

"Without defining what length of time constitutes a reasonable period of time for filing habeas corpus petitions for pre-AEDPA convictions upon the effective date of the AEDPA, except to indicate that the period *cannot exceed one year,* we conclude that the period of seven and one-half months falls within what must constitute a reasonable time."

*Id.* at 5–6 (citing, *inter alia, United States v. Simmonds,* 111 F.3d 737, 745 (10th Cir.1997) (reasonable time of one year); *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir.1996), *rev'd on other grounds,* ―― U.S. ――, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997) (same) (emphasis added)). The court, therefore, concluded that the district court erred in dismissing the petition. *Id.* at 6.

The Court does not believe that the *Urrutia* decision undermines the Court's previous determination on this matter. To the contrary, the Court views the language quoted above as consistent with the Court's conclusion that the Petition in the instant case, filed approximately ten months after the effective date of AEDPA, was filed in a timely fashion.

The Court is also unpersuaded by Respondents' contention that the *Urrutia* decision comports with the approach taken in the

---

**1.** Although this Order is dated November 19, 1997, it was filed on November 20, 1997 and will be referred to in this Opinion as the November 20, 1997 Order. (*See* D.I. 12).

Second Circuit, where prisoners are not afforded a full year in which to file a petition. (D.I. 13 at 3); *see Peterson v. Demskie*, 107 F.3d 92, 93 (2d Cir.1997). The language "not to exceed one year" in *Urrutia* undermines Respondents' assertion. *Urrutia*, No. 97–7051, at 6. Thus, the Court declines to follow the approach taken in the Second Circuit.

For the reasons discussed, the Court will deny Respondents' Motion For Reargument (D.I.13). An appropriate Order will be entered.