**Jose G. GONZALEZ, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. Nos. 97–11997–WGY,
97–10986–WGY.

United States District Court,
D. Massachusetts.

April 16, 1998.

Jose G. Gonzalez, Loretto, PA, pro se.

*MEMORANDUM AND ORDER*

YOUNG, District Judge.

The formal correspondence (i.e., petitions and the orders thereon) between a pro se prisoner seeking habeas relief and a federal judge are necessarily somewhat strained, awkward, and sometimes confusing. On occasion, however, it is the prisoner who latches onto a viable legal concept and the judge who is confused. This is such an instance.

On April 29, 1997, Jose Gonzalez ("Gonzalez") filed his first petition for habeas corpus relief pursuant to 28 U.S.C. § 2255. *Gonzalez v. United States,* 97–10986–WGY, 1998 WL 195988 ("the first petition"). Within two weeks, this Court sua sponte ordered the petition dismissed as "utterly conclusory and frivolous" unless Gonzalez, "within 60 days ... files a memorandum that convinces the court to allow [him] to proceed." Sixty-three days later, Gonzalez asked for an additional sixty days to respond to this order. The Court denied this motion and dismissed the first petition.

Eleven days after that, Gonzalez, undaunted, filed the instant case—a second and successive petition raising the same matters as he had addressed in the first petition. *Gonzalez v. United States,* 97–11997–WGY, 1998 WL 195988 (the "second petition"). This second petition remained on file for a month until the Court dismissed it sua sponte as "untimely." The Court acted without checking the electronic database which would have revealed the first petition.

As suggested by the First Circuit, *Gonzalez v. United States,* No. 97–2247 (1st Cir.

Mar. 25, 1998), in its order denying a certificate of appealability on the second petition, this Court reconsiders the first petition, treating the memorandum filed with the second petition as a memorandum in support of both petitions. In this memorandum, Gonzalez argues that the statute of limitations clock as to his first petition ought to have stopped not upon filing with the office of the clerk (the usual marking point) but rather, in the case of pro se prisoners such as himself, with the delivery of the petition to the appropriate prison officials. As a general rule in a civil action, filing occurs upon the receipt of the document not its mailing. The purpose of this rule is to avoid any confusion in verifying the mailing of the document or the reasons for the delay in its arrival at the court. Nevertheless, Gonzalez has a point— a good point.

Under 28 U.S.C. § 2255, a federal prisoner claiming the right to be released must file a motion to vacate, set aside, or correct the sentence with the sentencing court. Pursuant to the procedural rules governing section 2255, a section 2255 petition "shall be filed in the office of the clerk of the district court." Rule 3(a). These rules further state that a section 2255 petition is filed upon the receipt of the petition by the clerk of court and a determination that it complies with Rule 2 and 3. Rule 3(b).

A recent opinion by this Court, *Piacentini v. Levangie and Dance*, 998 F.Supp. 86, 1998 WL 138883 (D.Mass.1998), extended the ruling of *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) to the filing of section 1983 complaint by a pro se prisoner litigant. In *Piacentini*, this Court held that "where a pro-se prisoner lacks control over the timely receipt of the complaint by the clerk of the district court, and uses the official prison mailing system to deliver section 1983 complaint to the clerk of the court, the complaint is filed when it is delivered to prison authorities." *Piacentini*, 998 F.Supp. 86, 1998 WL 138883 at *4. In reaching this holding, the Court followed the reasoning of other circuit courts and concluded that the extension of *Houston* was appropriate as 1) the pro se prisoner litigant was similarly-situated; 2) the language of the relevant procedural rules was similar; and 3) the language of *Houston* does not appear to limit the holding to the facts and circumstances of that case. *Id.* The question here is whether this reasoning is applicable to the pro se prisoner litigant filing a section 2255 petition. Certainly, the first and third prong of this reasoning apply here. The only difference in this case is the language of the relevant procedural rules.[1] This Court does not consider the language difference sufficiently significant to outweigh the lack of control factor that is central to the reasoning behind application of a prisoner mailbox rule and to bar the extension of this rule to the pro se prisoner litigant filing a section 2255 petition. Unlike the procedural rules for filing a section 2254 petition, there is no filing fee requirement for a section 2255 petition.[2] Thus, the procedural posture of a pro se prisoner filing a section 2255 petition is similar to a pro se prisoner filing a notice of appeal under Fed. R. App. P. 4(a)(1). *Cf. Norlander v. Plasky*, 964 F.Supp. 39 (D.Mass.1997) (Tauro, C.J.) (holding *Houston*

---

**1.** The Federal Rules of Appellate Procedure 3(a) and 4(a)(1) state, in pertinent part:

An appeal permitted by law as of right from a district court to a court of appeals *must be taken by filing a notice of appeal with the clerk of the district court* within the time allowed by Rule 4.

. . . .

[I]n a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 *must be filed with the clerk of the district court* within 30 days after the date of entry of the judgment or order appealed from. (emphasis added).

Rule 3 for 28 U.S.C. § 2255 Proceedings states, in pertinent part, that:

A motion under these rules *shall be filed in the office of the clerk of the district court.*

. . . .

*Upon receipt of the motion and having ascertained that it appears on its fact to comply with rules 2 and 3, the clerk of the district court shall file the motion* and enter it on the docket in his office in the criminal action in which was entered the judgment to which it is directed.

(Emphasis added).

**2.** There is no filing fee requirement or requirement of an order to proceed in forma pauperis as is required under section 2254. Rule 3(b) of 28 U.S.C. § 2254 states, in pertinent part, that:

Upon receipt of the petition and the filing fee, or an order granting leave to the petitioner to proceed in forma pauperis, and having ascer-

not applicable to section 2254 petition because of the filing fee requirement).

In section 2255 context, however, as the statutory requirements of the relevant procedural rule require only receipt of the document by the clerk of the district court in order for the 2255 petition to be filed, then filing of the petition by a pro se prisoner occurs when he or she delivers the section 2255 petition to prison authorities, using the official mailing system, for mailing to the clerk of the district court.

Unfortunately for Gonzalez, the adoption of the *Houston* rule to section 2255 petitions will not bar dismissal. Gonzalez does not make "a substantial showing of the denial of a constitutional right" as is required for a certificate of appealability to issue. 28 U.S.C. § 2253(c)(2). This first petition is "utterly conclusory and frivolous." Accordingly, no certificate of appealability shall issue as to this petition.

SO ORDERED.

tained that the petition appears on its fact to comply with rules 2 and 3, the clerk of the district court shall file the petition and enter it on the docket in his office.

Because of this language, another court of this district held that under the procedural rules governing section 2254 proceedings, a petition is filed upon the filing of the petition *and* the filing fee or an order to proceed in forma pauperis and, therefore, the principle of *Houston* could not be applied in the section 2254 context. *Norlander v. Plasky,* 964 F.Supp. 39 (D.Mass.1997).