USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit

No. 98-2073

 AGUSTIN MORALES-RIVERA,

 Plaintiff, Appellant,

 v.

 UNITED STATES,

 Defendant, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Raymond L. Acosta, U.S. District Judge]

 Before

 Boudin, Circuit Judge,
 Campbell, Senior Circuit Judge,
 and Stahl, Circuit Judge.
 
 
 
 
 Agustin Morales-Rivera on brief pro se.
 Guillermo Gil, United States Attorney, Miguel A. Fernandez,
Assistant U.S. Attorney, and Lisa E. Bhatia Gautier, Assistant U.S.
Attorney, on brief for appellee.

August 25, 1999

 Per Curiam. We are presented with the issue of whether the
prisoner mailbox rule applies to the filing of motions under 28
U.S.C. 2255 and 2254. We hold that a pro se prisoner's motion
under 28 U.S.C. 2255 or 2254 is filed on the date that it is
deposited in the prison's internal mail-system for forwarding to
the district court, provided that the prisoner utilizes, if
available, the prison's system for recording legal mail.
 In 1992, the appellant pled guilty to drug charges and was
sentenced to 151 months in prison. On August 5, 1997, the district
court received his motion to vacate sentence under 28 U.S.C. 2255
alleging, inter alia, ineffective assistance of appellate counsel
and sentencing errors. Without deciding the merits, the district
court dismissed the motion as untimely because it was not filed
within one-year of the effective date of the Antiterrorism and
Effective Death Penalty Act ("AEDPA"), April 24, 1996. 
 The appellant moved for reconsideration. He asserted that
although his motion was received by the district court three-months
after the deadline, the motion was timely filed under the prisoner
mailbox rule because he placed it "first-class postage prepaid in
the institution's internal mail system before the last day of
filing."
 The district court denied the motion. It acknowledged that in
certain cases pro se prisoners' pleadings are deemed filed when
submitted to prison authorities for mailing to the district court. 
Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379 (1988); Reid v.
State of New Hampshire, 56 F.3d 334, 340 n. 16 (1st Cir. 1995). 
Nonetheless, it concluded that as a matter of law the prisoner
mailbox rule governs only pleadings with filing periods which are
shorter than AEDPA's one-year period. We granted a certificate of
appealability on the issue of the timeliness of the appellant's 
2255 motion. 
 In Houston, the Supreme Court held that a pro se prisoner's
notice of appeal is filed on the date that it is submitted to
prison officials for forwarding to the district court, rather than
on the date that it is received by the clerk. The Court reasoned
that the moment of filing was not specified in the procedural rules
governing notices of appeal. The prisoner mailbox rule fosters
parity between pro se prisoners and other litigants and furthers
the policies which generally inform the concept of filing. Pro se
prisoners have no choice but to rely for filing on prison
authorities and the postal service. They cannot monitor delivery
processes or take independent, remedial measures to ensure
timeliness when the mail goes awry. Their isolation impairs their
ability to prove, where applicable, that delays are due to prison
authorities or clerical error. In short, unlike other litigants,
they cannot ensure that their pleadings will be recognized as
timely by the district court no matter how promptly and diligently
they act. 
 In addition, definitions of filing reflect pragmatic
desiderata, including, the need to limit factors affecting
timeliness to those within litigants' control and the need to
discourage disputes about filing-dates. Pro se prisoners loose
control over their pleadings upon submission to the warden. 
Reliance on the date of submission to determine the time of
filing minimizes uncertainty, given prison procedures for logging
legal-mail. 
 These considerations apply with equal force to 2255 and 
2254 motions. Unlike represented prisoners or non-incarcerated
convicts, pro se prisoners have no choice but to rely for filing
upon prison and postal authorities over whom they exercise no
control. They cannot ensure that their motions will be received
by the clerk on time no matter how diligently or far in advance
they act. The mailbox rule helps ensure equal access to the
courts and functionally equivalent time-bars for pro se
prisoners. See Alves v. Matesans, 20 F. Supp. 2d. 135, 137 (D.
Mass. 1998)(finding no practical or principled justification for
refusing to apply the prisoner mailbox rule to a petition under
28 U.S.C. 2254); Piacentini v. Levangie, 998 F. Supp. 86, 87
(D. Mass. 1998)( 1983 complaint with a 3-year limitations period
was timely-filed under Fed. Rule Civ. P. 5 when sent through the
prison's legal-mail system). 
 Other circuits which have considered the issue have applied
the prisoner mailbox rule to motions under 28 U.S.C. 2254 or 
2255. Although Allen v. Dowd, 964 F.2d 745 (8th Cir. 1992), has
been invoked for the proposition that the mailbox rule governs
only short filling-deadlines, after the district court issued its
opinion in the present case, the Eighth Circuit ruled that Dowd
does not survive AEDPA. Nichols v. Bowersox, 172 F.3d 1068 (8th
Cir. 1999)(until AEDPA established a limitations period for 
2254 petitions, Houston's concerns about the special hurdles
faced by pro se prisoners in meeting filing deadlines were
irrelevant). 
 We agree that there is no practical or principled
justification for refusing to apply the prisoner mailbox rule to
the filing of motions under 28 U.S.C. 2255 and 2254. We
vacate the judgment of the district court and remand for a
determination of whether the appellant deposited his petition in
the prison's internal mail system by the deadline using, if
available, the prison's legal-mail system.
 Vacated and remanded.